**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARMANITA RENA' GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:06CV121MLM** |
| | ) | |
| **PHILLIPS 66/PETRO MART** | ) | |
| **Store #65 and Store #10,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Phillips 66/Petro Mart, Store #65 and Store #10 ("Defendant"). Doc. 17. Plaintiff Carmanita Rena' Green ("Plaintiff") has not filed a Response. [1]

## LEGAL STANDARD FOR A MOTION TO DISMISS

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The

---

[1] Plaintiff failed to file a timely response to Defendant's Motion to Dismiss. On May 10, 2006, the court ordered Plaintiff respond by May 19, 2006 and stated that, in the event Plaintiff failed to respond by that date, the court would consider the arguments presented in Defendant's Motion to Dismiss and rule accordingly. Doc. 19.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A civil rights complaint falls short of meeting "the liberal standard for notice pleading" when it is "entirely conclusory, giving no idea what acts the individual defendants are accused of that could result in liability." Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995). "At the very least" a civil rights complaint "must contain facts which state a claim as a matter of law and must not be conclusory." Id. at 671.

**DISCUSSION**

In her Complaint Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in that Defendant took the sides of Plaintiff's coworkers who were employed longer than Plaintiff and allowed Plaintiff to be harassed by her coworkers. Plaintiff further alleges that she was also harassed by Defendant's upper-management and that Defendant terminated her based on coworkers' reports that she failed to perform her job duties. Doc. 3. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, and national origin. § 2000e-2(a)(1). Title VII does not prohibit all discrimination but rather prohibits "only those specific forms enumerated by statute." Stroud v. Delta Airlines, Inc., 544 F.2d 892, 894 (5th Cir. 1997). Title VII does not prohibit other forms of discrimination "however unfair they may be." King v. Seaboard Coast Line Railroad Co., 538 F.2d 581, 583 (4th Cir. 1976).

Plaintiff in the matter under consideration fails to allege discrimination based on race, color, religion, sex, or national origin. She simply alleges that she feuded with her coworkers and that she was terminated as a result of coworkers stating that she failed to perform her job. Thus, even if

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's allegations are true they do not give rise to a cause of action under Title VII. As such, the court finds that Plaintiff's Complaint fails to state a cause of action and that it should be dismissed pursuant to Rule 12(b)(6).

Additionally, Title VII requires a plaintiff to exhaust his or her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission (the "E.E.O.C."). Burkett v. Glickman, 327 F.3d 658, 660 (8th Cir. 2003) ("Before the federal courts may hear a discrimination claim, an employee must fully exhaust [her] administrative remedies."); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000) ("It is generally recognized that '[e]xhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'"). "Administrative remedies are exhausted by the timely filing of a charge [with the EEOC] and the receipt of a right-to-sue letter." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir.2002).

Even assuming, arguendo, that the facts alleged by Plaintiff are true, she has failed to allege that she has exhausted her administrative remedies by filing a charge with the EEOC as required by Title VII. As such, the court finds, in the alternative, that Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons more fully set forth above the court finds that Plaintiff's Complaint should be dismissed and that Defendant's Motion to Dismiss should be granted .

Accordingly,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant is **GRANTED**;

[Doc. 17].

STEPHEN N. LIMBAUGH
SENIOR UNITED STATES DISTRICT JUDGE

Dated this __24th__ day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com